**[J-15-2022] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| BETTY BELL, AN ADULT INDIVIDUAL, AND PROPEL SCHOOLS, D/B/A PROPEL CHARTER SCHOOL - HOMESTEAD, PROPEL CHARTER SCHOOL - SUNRISE, D/B/A PROPEL BRADDOCK HILLS, PROPEL CHARTER SCHOOL - PITCAIRN, AND PROPEL CHARTER SCHOOL - HAZELWOOD, | : : : : : : : : : : : : | No. 25 WAP 2021<br><br>Appeal from the Order of the Commonwealth Court entered April 19, 2021 at No. 1259 CD 2019, reversing the Order of the Court of Common Pleas of Allegheny County entered August 23, 2019 at No. GD 18-12950 and remanding. |
| Appellees | : : : : | ARGUED: March 10, 2022 |
| v. | : : : : | |
| WILKINSBURG SCHOOL DISTRICT, | : : | |
| Appellant | : | |

**DISSENTING OPINION**

**JUSTICE MUNDY**                               **DECIDED: SEPTEMBER 29, 2022**

Because I would affirm the Commonwealth Court based on the clear and unambiguous language of 22 Pa. Code § 23.2, I dissent.

The regulatory provision at issue provides the following:

> The means of pupil transportation to and from school, whether furnished by school conveyances, private conveyances or common carriers, and contracts and agreements relating thereto, shall be subject to approval by the Department [of Education (Department)].

22 Pa. Code § 23.2.

As correctly noted by the majority, our Court is tasked with determining the meaning of "subject to approval by the Department[,]" as the parties dispute whether

Section 23.2 requires a school district to obtain approval from the Department prior to implementing the means of and contracts for transportation plans for school students. Maj. Op. at 1, 16. The majority concludes Section 23.2 is ambiguous because the definition of "approval" does not contain a time frame for when an act must be approved, the phrase "subject to approval by the Department" itself otherwise does not "unambiguously resolve the question of *when* the Department is required to approve a change[,]" and both parties' interpretations are reasonable. *Id.* at 16-17 (emphasis in original). In my view, however, the regulation is not ambiguous. The definition of the phrase "subject to," which the majority does not address, in conjunction with the plain language of Section 23.32 of the regulation that governs a school district's submission of claims to the Department for reimbursement, unambiguously mandates Department preapproval of pupil transportation plans.

First, the common and widely accepted definition of the phrase "subject to," when used in the context of obtaining permission from an authoritative body, is "dependent on something else to happen or be true[,]" with the following example offered: "The sale of the property is subject to approval by the city council." *Subject to*, MERRIAM-WEBSTER'S DICTIONARY ONLINE, available at https://www.merriam-webster.com/dictionary/subject%20to (last visited July 22, 2022) (emphasis omitted). *See also* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "subject" as, *inter alia*, "[d]ependent on or exposed to (some contingency); esp., being under discretionary authority" and giving the following example: "funding is subject to the board's approval"). Applying these definitions instantly, it is evident that approval is the "something else" or "contingency" that is required to happen before school districts can implement pupil transportation plans and related contracts and agreements. Stated differently, a school district can only implement or alter a pupil transportation plan and related contracts and

agreements after the plan has first been approved by the Department.  *See Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1027 (Pa. 2018) (providing, when ascertaining plain meaning, courts must examine statutory text in context and give words and phrases "their common and approved usage.") (internal citation omitted).

Second, while the majority concludes Department approval is accomplished through reimbursement, Section 23.2 contains no language whatsoever about reimbursement, let alone language that approval somehow only occurs through or after reimbursement by the Department at the end of the fiscal year.  *See* 22 Pa. Code § 23.2. Section 23.2 is also not located in the reimbursement section of the regulation, but instead in the preliminary provisions section that precedes the reimbursement provisions set forth in Sections 23.31-23.40.  Even more, Sections 23.31-23.40 contain no language that Department approval of a pupil transportation plan is conditioned upon or completed through reimbursement.   *See* 22 Pa. Code § 23.31-23.40.  Instead, the plain language of Section 23.32, which governs reimbursement submissions, suggests the opposite, *i.e.*, that Department approval of a transportation plan must occur before reimbursement. Section 23.32 states: "[C]laims for reimbursement shall cover allowable district expenditures for *approved* pupil transportation . . . during the proceeding year."  22 Pa. Code 23.32 (emphasis added).[1]  This provision clearly demonstrates that school districts will only be reimbursed for a transportation plan that has already been approved by the Department.  Because Sections 23.2 and 23.32 must be construed consistently and in conjunction with each other, the regulation's plain language unambiguously requires

---

[1] Section 25-2541 of the Public School Code similarly states the following: "School districts shall be paid by the Commonwealth for every school year on account of pupil transportation which, and the means and contracts providing for which, *have been approved* by the Department of Education."  24 P.S. § 25-2541(a) (emphasis added).

school districts within our Commonwealth to first obtain approval from the Department before implementing and/or altering a pupil transportation plan. *See* 1 Pa.C.S. §1932 (providing "[s]tatutes or parts of statutes are *in pari materia* when they relate to the same persons or things or to the same class of persons or things" and "shall be construed together, if possible, as one statute[;]" 1 Pa.C.S. § 1921(a); § 1502(a)(1)(ii) (requiring courts to give effect to all provisions when ascertaining a regulation's plain meaning).

Even if Section 23.2 were ambiguous, I disagree with the majority's reasons for reversal. Primarily, I am of the opinion that interpreting Section 23.2 as not imposing a prior approval requirement of pupil transportation plans would lead to an absurd and unreasonable result concerning the safety of charter school students. *See* 1 Pa.C.S. § 1922; *Holland v. Marcy*, 883 A.2d 449, 456 (Pa. 2005) (concluding our courts should avoid construing a statute in a manner that would lead to an absurd or unreasonable result). A plan not approved prior to implementation could jeopardize the safety of charter school students by exposing them to unsafe conditions and hazards, *i.e.*, being unsupervised on public buses, walking long distances to public bus stops, and being unprotected from traffic conditions, yet be unchecked for the entire school year before being "approved" through reimbursement. In my view, the State Board of Education did not intend such consequences when promulgating the regulation. *See* 1 Pa.C.S. § 1921(c)(6).

Thus, as I would affirm the holding of the Commonwealth Court, I respectfully dissent.